UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICTORIA LANEY,

       Plaintiff,

v.                                                                                    Case No:   6:15-cv-681-Orl-18TBS

THOMAS RAY SLATEN, JR.; LARSEN
AND ASSOCIATES, P.L.; JILL
JORGENSEN; SOUTHWEST
PROPERTY MANAGEMENT OF
CENTRAL FLORIDA, INC.; ROBERT
MCKEY; and THE HAMMOCKS
HOMEOWNERS ASSOCIATION OF
ORANGE COUNTY, INC.,

       Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Victoria Laney's Application to Proceed in

District Court without Prepaying Fees or Costs (Doc. 2).   I respectfully recommend that

the motion be denied, and that Plaintiff's complaint (Doc. 1), be dismissed without

prejudice, with leave to amend.

### I. Background

Plaintiff is attempting to bringing a claim against Defendants for violation of the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Doc. 1).   It

appears that in paragraphs 3-5 of her complaint, she refers to "Plaintiffs" when she

intended "Defendants," and "Defendant" when she intended "Plaintiff."   Assuming I am

correct, Plaintiff alleges that all of the Defendants are debt collectors or agents of debt

collectors (Id., ¶ 5).   Defendants claim Plaintiff owes a debt to Defendant The Hammocks

Homeowners Association of Orange County, Inc. (the "HOA") (Id., ¶ 3).   Plaintiff alleges

that the debt is "unlawful" but, in her application to proceed *in forma pauperis*, she states under penalty of perjury that she owes approximately $125,000 in attorney's fees to the HOA, Greenspoon, Marder, and another law firm (Doc. 2, ¶ 8).

On February 26, 2015, Defendant Thomas Ray Slaten, Jr., sent a letter to the HOA board of directors (Doc. 1, ¶ 6).   The letter contains information about unspecified debts Plaintiff allegedly owes to unnamed creditors, and Defendants' efforts to collect the debts (Id., ¶ 7).   At the April 28, 2014 annual meeting of the HOA, the letter was read aloud, and copies were distributed to the homeowners in attendance (Id., ¶¶ 8-9).[1]   The letter contains unspecified factual errors (Id., ¶ 12).   These events caused Plaintiff to be humiliated in front of neighbors and other attendees at the HOA meeting (Id., ¶ 13). Plaintiff alleges that Defendants' actions violate the FDCPA "and other relevant Federal and State statutes."   (Id., ¶¶ 14-15).

## II. Legal Standard

An individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she "is unable to pay such fees or give security therefor."   28 U.S.C. § 1915(a)(1).   However, before a plaintiff is permitted to proceed *in forma pauperis*, the court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."   Id. § 1915(e)(2).   If the complaint is deficient, the court is required to dismiss the suit *sua sponte*.   See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from

---

[1] I am unable to reconcile the alleged date of the letter with the alleged date of the HOA meeting.

filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989).   Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.   See id. at 327.   A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief.   FED. R. CIV. P. 8(a).   The plaintiff must allege her claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity.   FED. R. CIV. P. 10.   Relevant facts should be segregated to each of their respective claims.   See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005).   Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

### III. Discussion

Plaintiff's complaint fails to state a cause of action upon which relief can be granted.   First, she has not alleged the section(s) of the FDCPA, or any other law, that Defendants violated.   Second, she has failed to allege facts to support her conclusory allegation that Defendants are "debt collectors" as defined in 15 U.S.C. § 1692a(6). Third, she has not attached a copy of the offending letter, alleged what it says, or what information in the letter is untrue.   Fourth, while her complaint alleges that she is not

indebted to the HOA, in her application to proceed in forma pauperis, she declares under penalty of perjury that she does owe the HOA money (Doc. 2, ¶ 8).   Fifth, Plaintiff appears to have misidentified the parties in paragraphs 3-5 of her complaint, and the dates in paragraphs 6, 8 and 9 cannot all be correct.   Sixth, it appears that Plaintiff is attempting to sue Defendants for defamation.   If that is the case, then the Court lacks diversity jurisdiction because Plaintiff does not allege at least $75,000 in controversy, and the averments of paragraphs 1-2 of her complaint suggest that all parties are citizens of Florida.

## IV. Recommendation

For the foregoing reasons, I respectfully recommend that the Court **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and **DISMISS** her complaint without prejudice, with 21 days leave to amend.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 28, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Plaintiff *pro se*

- 4 -